**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO**

Civil Action No. 1:21-cv-_____

BERKSHIRE LIFE INSURANCE COMPANY OF AMERICA,

Plaintiff,

v.

ANNA SCHUBERT,

Defendant.

**COMPLAINT TO CONFIRM RESCISSION OF INSURANCE POLICIES
AND DECLARATORY RELIEF**

Plaintiff Berkshire Life Insurance Company of America ("Berkshire"), through its attorneys, Franz Hardy and Christine M. Kroupa of Gordon Rees Scully Mansukhani, LLP, states as follows for its Complaint to Confirm Rescission of Insurance Policies and Declaratory Judgment against Defendant Anna Schubert:

## PARTIES

1. At all relevant times, Berkshire was and is a corporation organized and existing under the laws of the Commonwealth of Massachusetts, with its principal place of business located at 700 South Street, Pittsfield, Massachusetts 01201, and is authorized to transact the business of insurance in the State of Colorado. It is also authorized to transact the business of insurance in the State of North Carolina where the events at issue occurred.

2. Berkshire is informed and believes that Defendant Anna Schubert is an individual who is currently a citizen and resident domiciled in the City and County of Denver, Colorado.

Upon information and belief, she is a medical doctor. Dr. Schubert was domiciled in the State of North Carolina when she applied for the relevant insurance policies and when the policies were issued.

## JURISDICTION AND VENUE

3.      This Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1332(a)(1).

4.      This suit is being brought between citizens of different states, and the amount in controversy exceeds $75,000, exclusive of interest and costs. Dr. Schubert is currently domiciled in and is a citizen of the State of Colorado. Berkshire is incorporated in Massachusetts and has its principal place of business located at 700 South Street, Pittsfield, Massachusetts 01201.

5.      This action involves the rescission by Berkshire of two individual disability income insurance policies and confirmation of that rescission by this Court, with the validity of the entire policies at issue. One policy currently has a monthly benefit of $6,500 payable to age 67 in the event of total or partial disability, which begins after a 180-day elimination period. That same policy has a Serious Illness Supplemental Benefit which could pay an additional benefit if totally disabled due to cancer, stroke, and/or heart attack. The monthly payment is $3,250, for a maximum of 12 months. The other policy, a Retirement Protection Plus Policy, currently has a monthly benefit of $1,000 to age 65 in the event of total disability, which begins after a 180-day elimination period. Dr. Schubert claims disability as of June 3, 2020, when she was 31 years old. This amounts to potential future benefits, not reduced to present value, of at least $90,000 per year for each year Dr. Schubert is totally disabled, up to age 67 (i.e. more than 30 years). Therefore, even with

reduction to present value, the total future potential benefits at issue under the policies exceed $75,000, exclusive of interest and costs.[1]

6. An actual and continuing controversy exists among the parties to this action concerning the applicability of coverage under the insurance policies issued to Dr. Schubert. This Court is authorized to declare the rights of the parties pursuant to the Declaratory Judgment Act, 28 U.S.C. §§ 2201 and 2202 and Federal Rule of Civil Procedure 57.

7. Venue is proper in this Court pursuant to 28 U.S.C. § 1391(b) because Dr. Schubert resides within this judicial district.

8. Dr. Schubert is subject to personal jurisdiction in this District.

---

[1] *See, e.g., Mass. Cas. Ins. Co. v. Harmon*, 88 F.3d 415, 416-17 (6th Cir. 1996) ("The clear federal rule is that where the validity of an insurance policy containing disability benefit provisions is involved in a diversity action in a federal district court, future potential benefits may be considered in computing the requisite jurisdictional amount.") (citations and internal quotation marks omitted); *Budget Rent-A-Car, Inc. v. Higashiguchi*, 109 F.3d 1471, 1473 (9th Cir. 1997) (stating that plaintiff's maximum liability under rental agreement is relevant to determining amount in controversy if validity of entire insurance policy is at issue); *Bowman v. Iowa State Travelers Mut. Assur. Co.,* 449 F. Supp. 60, 61 (E.D. Okla. 1978) ("As a general rule, future benefits payable under a contract of insurance may be used to compute the amount in controversy for jurisdictional purposes only when the validity of the insurance policy itself, and not merely the presence or absence of conditions measuring the insurer's liability thereunder is the matter in dispute.") (citing, among others, *White v. North Am. Acc. Ins. Co.*, 316 F.2d 5 (10th Cir. 1963); *Henderson v. National Fidelity Life Ins. Co.*, 257 F.2d 917 (10th Cir. 1958); *Guardian Life Ins. Co. of America v. Kortz*, 151 F.2d 582 (10th Cir. 1945)); *Standard Ins. Co. v. Gardner*, No. 1:05CV01148, 2006 WL 8448607, at *1 (M.D.N.C. May 15, 2006) ("In this case, Standard seeks rescission of the entire policy based on Defendant's alleged misrepresentations. In such cases, the value of the policy is measured by the amount of benefits that would be payable over the lifetime of the policy.").

## GENERAL ALLEGATIONS

**A.    Dr. Schubert's Application for the Policies.**

9.    On February 19, 2019, as the applicant and proposed insured, Dr. Schubert completed, signed and submitted a written application (the "Application") for individual disability income insurance with Berkshire.

10.    In the Application, Dr. Schubert's listed residence address is 710 Magnolia Street, Winston-Salem, North Carolina 27103.

11.    When Dr. Schubert resided in North Carolina, Berkshire issued to Dr. Schubert individual disability income insurance policy number Z4163390 and individual disability income insurance policy number Z4163400 (collectively, the "Policies"). A true and correct copy of the Policies are attached hereto as Exhibit 1 and 2, respectively, and includes Dr. Schubert's application to Berkshire for the Policies (the "Application").[2]

12.    The Policies were issued in North Carolina.

13.    The Policies are governed by North Carolina law pursuant to, *inter alia*, N.C.G.S. § 58-3-1.

14.    The Policies were issued in reliance on, among other things, the statements in Application for Insurance: Part 1, signed by Dr. Schubert on February 19, 2019. Part 1 of the Application states, in part, above Dr. Schubert's signature:

> Representations of the Proposed Insured and Owner
>
> Those parties who sign below, agree that:
>
> 1. This Application for Disability Insurance: Part I, Application for Insurance; Part II – Health History and Medical History, any required

---

[2] Certain private identifiers and personal health information are redacted.

> Representations to the Medical Examiner, and any other supplements or amendments to this Application for Disability Insurance Part 1 will form the basis for, and become part of and attached to any policy or coverage issued and is herein referred to as the 'Application.'
>
> 2. All of the statements that are part of this Application are correctly recorded, and are complete and true to the best of the knowledge and belief of those persons who made them.
>
> ……….
>
> 4. Any misrepresentation or omission, if found to be material, may adversely affect acceptance of the risk, claims payment, or may lead to rescission of any policy that is issued based on this Application.

(Ex. 1 at p. 53 of 60; Ex. 2 at p. 39 of 52).

15. In addition, in issuing the Policies, Berkshire relied on, among other things, statements in the Representations to the Medical Examiner (Part 2), which Dr. Schubert signed on or about March 14, 2019, using voice technology, and which states that "This application is to be attached to and made part of the policy." (Ex. 1 at p. 61 of 68; Ex. 2 at p. 15 of 52). Page 3 of the Representations to the Medical Examiner (Part 2) of the Application, above Dr. Schubert's signature, includes the following statement: "I understand and agree that the statements and answers in this Representations to the Medical Examiner are written as made to me; to the best of my knowledge and belief are full, complete and true; and that they shall be a part of the contract of insurance, if issued." (*Id.* at p. 63 of 68; p. 17 of 52).

16. In addition, in issuing the Policies, Berkshire relied on, among other things, a Supplement To Application For Insurance, which Dr. Schubert signed on or about March 14, 2019, using voice technology, and which includes the following statement above her signature: "I…represent that the answers as amplified and extended above are true and complete to the best

[5]

of my…knowledge and belief and are part of my…application to the Company as described above." (Ex. 1 at p. 61 of 68; Ex. 2 at p. 10 of 52).

17. In addition, in issuing the Policies, Berkshire relied on, among other things, an Amendment to Application, which Dr. Schubert signed or about June 6, 2019 and which states, in part, above her signature:

> By signing below, I certify that I have read, agree to, and confirm all of the representations and information provided by me in the Representations to the Medical Examiner (Part 2) which was signed by me using my voice authorized signature and is attached to the policy issued to me, as of the date of my signature below.
>
> ……….
>
> It is agreed that these amendments and declarations are to be taken and considered a part of said application and subject to the representations and agreements therein, and that the said application and these amendments are to be taken as a whole and considered as the basis, and form part of the contract or policy issued thereon.
>
> It is further represented that the statements and answers in said application were complete and true when made and that no changes have occurred which would make said statements and answers incorrect or incomplete as of the present date.

(Ex. 1 at p. 11 of 60; Ex. 2 at p. 25 of 52).

18. In issuing the Policies, Berkshire also relied on, among other things, a Declaration of Insurability, which Dr. Schubert signed on or about June 6, 2019, and which states, above her signature: "It is agreed that this Declaration: (1) shall be made part of the Application for the policy identified above; and (2) is made to induce Berkshire Life Insurance Company of America to deliver said policy to the owner." (Ex. 1 at p. 43 of 60; Ex. 2 at p. 27 of 52).

B. **Dr. Schubert's Responses in the Application Did Not Reflect Her Medical and Health History.**

19. In Question 3ii of the Representations to the Medical Examiner (Part 2) signed on March 3, 2019, Dr. Schubert was asked: "In the last ten years, have you had, been treated for, or received a consultation or counseling for: diabetes or disorder of the glands, bone, blood or skin?". She answered ▮▮▮. (Ex. 1 at p. 61 of 68; Ex. 2 at p. 45 of 52).

20. In Question 10 of the Representations to the Medical Examiner (Part 2) signed on March 3, 2019, Dr. Schubert was asked: "Within the past five years, have you had a physical exam or check-up of any kind?" She answered ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮. (Ex. 1 at p. 62 of 68; Ex. 2 at p. 46 of 52).

21. In Question 13 of the Representations to the Medical Examiner (Part 2) signed on March 3, 2019, Dr. Schubert was asked: "Other than as previously stated on this Representations, in the last five years have you received medical advice from physicians, medical or mental health professionals, counselors, psychotherapists, or other practitioners, or have you been a patient in a hospital, clinic, sanatorium, or other medical facility?". She answered ▮▮▮. *Id.*

22. On or about June 6, 2019, Dr. Schubert signed a Delivery Receipt, acknowledging delivery of the Policies and acceptance of the Policies as delivered to her, and which provides, directly above Dr. Schubert's signature: "The Application/Insured represents that the statements and answers in the application and any requirement supplements or other documents required as part of the application for the policy were complete and true when made, and that no changes have occurred that would make said statements and answers incorrect or incomplete as of the present date, except as amended or modified in any amendment(s) attached thereto." (Exs. 1 and 2 at p. 7).

23. In reliance upon each and every statement and representation made in Dr. Schubert's Application, including each document that is part of the Application, and Dr. Schubert's written signature of her acknowledgment and acceptance of the policy as delivered, Berkshire approved and issued individual disability income insurance policy numbers Z4163390 and Z4163400 to Dr. Schubert.

**C.      The Policies.**

24. The Policies state: "The entire contract consists of the Policies, any application(s), the Schedule Pages and any attached riders, amendments, and endorsements." (Ex. 1 at p. 14 of 68; Ex. 2 at p. 12 of 52).

25. The Representations of the Proposed Insured and Owner that Dr. Schubert signed on February 19, 2019 for the Policies included the following statements:

Those parties who sign below, understand and agree that:

1. This Application for Disability Insurance: Part I, Application for Insurance Part II-Health and Medical History, any required Representations to the Medical Examiner, and any other supplements or amendments to this Application for Disability Insurance: Part 1 will form the basis for, and become part of and attached to any policy or coverage issued and is herein referred to as the "Application."

2. All of the statements that are part of this Application are correctly recorded, and are complete and true to the best of the knowledge and belief of those persons who made them.

……….

4. Any misrepresentation or omission, if found to be material, may adversely affect acceptance of the risk, claims payment, or may lead to rescission of any policy that is issued based on this Application.

……….

Any person who knowingly, and with intent to defraud any insurance company or other person, files an application of insurance or statement of claim containing any

[8]

> materially false information or conceals, for the purpose of misleading, information concerning any fact material thereto, commits a fraudulent insurance act, which is a crime, and may also be subject to civil penalties.

(Ex. 1 at p. 53 of 60; Ex. 2 at p. 39 of 52).

26. The Policies also contain the following provision:

> **Time Limit on Certain Defenses**
> After two years from the Effective Date of the Policy no misstatements, except fraudulent misstatements, contained in the application for the Policy will be used to void the Policy or to deny a claim for a loss incurred or Disability commencing after the expiration of such two-year period….

(Ex. 1 at p. 23 of 60; Ex. 2 at p. 21 of 52).

27. The date of the Policies is April 27, 2019 and they became effective on June 6, 2019. (Ex. 1 at p. 5 of 68; Ex. 2 at p. 3 of 52).

**D.** <u>**Rescission of the Policies Based on Misrepresentations.**</u>

28. Dr. Schubert submitted a Disability Claimant's Statement to Berkshire on or about June 17, 2020 and alleged disability due to ████████████████████████████ ████.

29. Berkshire investigated Dr. Schubert's claim for disability benefits, which included obtaining medical records she did not disclose in her 2019 Application for the Policies.

30. As a result of its evaluation of Dr. Schubert's claim, Berkshire learned and discovered for the first time that certain material representations and statements made in her Application were false, and the Application contained material omissions and failed to identify material information. Berkshire learned Dr. Schubert did not accurately describe her medical and health history, denied having or being treated for several diseases, disorders, or conditions, and/or provided incomplete information.

31.     Based on information obtained during Berkshire's investigation of Dr. Schubert's claim for disability benefits, Berkshire is informed and believes that the statements and representations contained in the Application and more specifically set forth in Paragraphs 19 to 21 above were false, incomplete and inaccurate at the time of making said statements and representations.

32.     Specifically, Berkshire learned of the following medical histories, which were not disclosed in Dr. Schubert's Application for Disability Insurance: Part 1 signed on February 19, 2019, Representations to the Medical Examiner (Part 2) signed on March 14, 2019, Amendment to Application signed on June 6, 2019 and Declaration of Insurability signed on June 6, 2019:

   a.   In the **10 years prior** to her Application to Berkshire for the Policies, Dr. Schubert had been treated for or received several consultations or counseling for ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮.

   b.   For example, a January 6, 2012 medical record from ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮.

   c.   Medical records from ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮.

   d.   Dr. Schubert also did not report that she presented to ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮.

  e. As it relates to physical exams or check-ups in the **5 years prior** to her Application to Berkshire for the Policies, Dr. Schubert did not disclose several instances where she ███████████████████████ ███████████████████████████████████████████.

  f. For example, Dr. Schubert presented to █████████████████ ███████████████████████████████████████████ ███████████████████████████████████████████ ███████████████████████████████████████████ ████████████████████████████████.

  g. Dr. Schubert also failed to disclose she █████████████████ ███████████████████████████████████████████ ██████████████████.

33. As evidenced by the aforementioned medical records and other medical history, before the Policies were issued, Dr. Schubert had been, *inter alia*, diagnosed and treated with ███████████████████████████████████████████, but did not disclose this information in the Application.

34. Berkshire was unaware of Dr. Schubert's material misstatements and omissions at the time it issued the Policies.

35. In addition to concluding Dr. Schubert misrepresented and omitted information on her Application, Berkshire also concluded this information was material. Berkshire would not have issued the Policies had Dr. Schubert provided accurate information in response to the questions on the Application.

[11]

36. Because Berkshire concluded Dr. Schubert made false misstatements and omissions on her Application, it rescinded the Policies by advising Dr. Schubert in a letter dated April 16, 2021, that the Policies were rescinded ("Rescission Letter"). Berkshire refunded the premiums paid by Dr. Schubert under the Policies, plus interest. The Rescission Letter, and the tendering of the premiums paid under the Policies plus interest, rescinded the Policies and made the Policies null and void as of the date the Policies were issued.

37. In conjunction with rescinding the Policies and filing of this legal action, Berkshire issued payment to Dr. Schubert for insurance benefits under a Reservation of Rights.

38. Berkshire issued payment for insurance benefits under a Reservation of Rights to demonstrate good faith and will not attempt to re-coup the paid insurance benefits.

## FIRST CLAIM FOR RELIEF
### (Rescission)

39. Berkshire incorporates by reference the allegations in Paragraphs 1 through 38 of this Complaint as if fully set forth herein.

40. The Application submitted by Dr. Schubert contains misrepresentations regarding her health and medical history.

41. At the time Dr. Schubert made these representations, they were false, incomplete, and untrue, and did not identify material facts regarding her true medical history and physical condition.

42. The misrepresentations regarding her health and medical history are material.

43. The information should have been disclosed, and Berkshire relied, when issuing and delivering the Policies, on the false, incomplete, and inaccurate information provided.

44. At the time it issued the Policies, Berkshire had no knowledge of certain prior medical history, as described herein, and had no duty to question the truth of Dr. Schubert's statements made in the Application.

45. Berkshire reasonably and justifiably relied on the representations made in the Application in determining whether to issue the Policies under the terms provided and in determining the appropriate premium to be charged.

46. The misrepresentations influenced Berkshire's judgment in issuing the Policies, in fixing the premium, and/or in estimating the degree and character of risk.

47. The misstatements, misrepresentations, and omissions were material to the risk undertaken by Berkshire in issuing the Policies. If accurate information was disclosed about her medical history, including medical conditions, treatment, and procedures, or if the true facts regarding such matters had been made known to Berkshire prior to or at the time of the issuance or delivery of the Policies, the Policies, as applied for, would not have been issued and delivered by Berkshire, nor would the premiums paid by Dr. Schubert for the Policies have been accepted by Berkshire.

48. Based on Dr. Schubert's material misstatements, misrepresentations, and omissions, Berkshire was induced to its detriment, to issue and deliver the Policies.

49. Based on Dr. Schubert's material misstatements, misrepresentations, and omissions, the Policies are void and of no force or effect since their date of issue, and Berkshire is not and will not be liable to anyone for claims arising thereunder, including Dr. Schubert.

50. Berkshire requests that this Court issue an order confirming the Policies were properly rescinded by Berkshire through the Rescission Letter and the tender of the premiums paid

plus interest, and that the Policies are null and void from the date they were issued.  Alternatively, in the event the Court concludes the Rescission Letter and tender of premiums paid plus interest somehow did not rescind the Policies, Berkshire requests an Order from the Court rescinding the Policies and declaring that the Policies are null and void from the date they were issued.

## SECOND CLAIM FOR RELIEF
**(Declaratory Relief)**

51. Berkshire incorporates by reference the allegations in Paragraphs 1 through 50 of this Complaint as if fully set forth herein.

52. An actual controversy has arisen and now exists between Berkshire and Dr. Schubert concerning the respective rights and duties under the Policies.

53. Berkshire contends that because of the material misstatements, misrepresentations, and omissions by Dr. Schubert concerning Dr. Schubert's true medical history at the time the Application was prepared and submitted and the Policies delivered, the Policies are void and of no force and effect since its inception, and Berkshire is not and never will be liable to anyone thereunder, including Dr. Schubert.  Berkshire further contends that said Policies of insurance have been rescinded by operation of North Carolina law.

54. Given the parties' active dispute, Berkshire issued a payment for insurance benefits under a Reservation of Rights.

55. Berkshire is informed and believes that Dr. Schubert disputes these contentions and contends the Policies are and have been in full force and effect since its inception and that she is entitled to benefits.

56. In the alternative, Berkshire contends that an actual controversy has arisen and now exists between Berkshire and Dr. Schubert concerning their respective rights and duties under the Policies.

57. A judicial declaration is necessary and appropriate at this time so the parties may ascertain their respective rights and duties under the Policies and determine the validity of the Policies.

## PRAYER FOR RELIEF

WHEREFORE, Berkshire prays for Judgment as follows:

1. For an Order that individual disability income insurance policy number Z4163390 and individual disability income insurance policy number Z4163400 were properly rescinded by Berkshire, never took effect or came into existence, and are null and void and of no force and effect due to Dr. Schubert's material misstatements, misrepresentations, and omissions;

2. For an Order that Policy number Z4163390 issued by Berkshire to Dr. Schubert is rescinded as of the date of its inception;

3. For an Order that Policy number Z4163390 is hereby rescinded by order of this Court and is null and void from the date it was issued;

4. For an Order that Policy number Z4163400 issued by Berkshire to Dr. Schubert is rescinded as of the date of its inception;

5. For an Order that Policy number Z4163400 is hereby rescinded by order of this Court and is null and void from the date it was issued;

6. For an Order that Dr. Schubert surrender to Berkshire the original Policies and all copies in her possession;

7. For an Order declaring that Dr. Schubert has no interest in the Policies from their inception, and Berkshire is not responsible for, liable for, or obligated to pay any past, current or future claim for benefits asserted by Dr. Schubert and/or anyone else under the Policies;

8. For a declaration of the rights and duties of the parties with respect to said Policies;

9. For an order that if Policy number Z4163390 and Policy number Z4163400 are deemed rescinded as of the date of its inception, that if the Policies are null and void from the date they were issued, that therefore, Berkshire no longer has any obligation to continue to provide benefits to Dr. Schubert, which were provided under Reservation of Rights, as of the date of such order; and

10. For such further and other relief as the Court may deem just and equitable.

DATED this the 16th day of April, 2021.

/s/ Christine M. Kroupa
Franz Hardy, Esq.
Christine M. Kroupa, Esq.
GORDON REES SCULLY MANSUKHANI, LLP
555 Seventeenth Street, Suite 3400
Denver, Colorado 80202
Telephone: (303) 534-5160
fhardy@grsm.com
ckroupa@grsm.com
*Attorneys for Plaintiff*

Plaintiff's address:
700 South Street
Pittsfield, Massachusetts 01201