**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO**

Civil Action No. 1:21-cv-01061

BERKSHIRE LIFE INSURANCE COMPANY OF AMERICA,

Plaintiff,

v.

ANNA SCHUBERT,

Defendant.

## MOTION TO RESTRICT PUBLIC ACCESS

Plaintiff Berkshire Life Insurance Company of America ("Berkshire"), through its attorneys, Franz Hardy and Christine M. Kroupa of Gordon Rees Scully Mansukhani, LLP, submits this Motion to Restrict Public Access.

1. Pursuant to D.C.Colo.L.Civ.R 7.1(a), counsel for plaintiff has not conferred with defendant regarding this Motion as counsel for defendant has not entered his or her appearance in this matter as of the time of the filing of this Motion (which was filed contemporaneously with the Complaint). Counsel for plaintiff does not anticipate an objection to the relief requested herein.

2. **Compliance with D.C.COLO.LCivR 7.2(c):** This lawsuit arises out of the rescission of individual disability income insurance policies. Defendant, an emergency room physician, claims she cannot perform her job duties due to a medical diagnosis. Berkshire investigated Dr. Schubert's claim for disability benefits, which included obtaining medical records based on information not disclosed or identified in her 2019 Application for the policies. As a

result of its evaluation of Dr. Schubert's claim, Berkshire learned and discovered for the first time that certain material representations and statements made in her Application were incorrect, and the Application contained omissions.  If her Application had accurately disclosed her medical history, including medical conditions, treatment, and procedures, or if the facts regarding such matters had been made known to Berkshire prior to or at the time of the issuance or delivery of the policies, the policies, as applied for, would not have been issued and delivered by Berkshire, nor would the premiums paid by Dr. Schubert for the policies have been accepted by Berkshire.  Accordingly, Berkshire rescinded the policies and filed this lawsuit for Complaint to Confirm Rescission of Insurance Policies and Declaratory Judgment.

3. **Documents sought to be restricted:** Contemporaneously with filing the Complaint, plaintiff submits this Motion to Restrict Public Access to place the Complaint and exhibits thereto under Level 1 Restriction.  The Complaint includes several allegations related to defendant's claimed disability, including her diagnoses, along with personal health and medical history.  The exhibits to the Complaint contain defendant's name, address, personal identifying information, medical treatment, and diagnoses.

4. **Interests to be protected:** The Complaint and exhibits thereto contain personal identifying information and medical information that should remain confidential. *See Morris v. City of Colo. Springs*, No. 09-cv-01506-PAB-MEH, 2009 WL 4927618, at *1 (D. Colo. Dec. 18, 2009) (medical records fall within the scope of confidential documents under Fed. R. Civ. P. 26(c)); *Cutting v. United States*, No. 07-cv-02053-REB-MEH, 2008 WL 1775278, at *2 (D. Colo. Apr. 14, 2008) (same); *Miller v. Kastelic*, No. 12-cv-02677-CMA-MEH, 2013 WL 4431102, at *2 (D. Colo. Aug. 16, 2013) (same).  This information is also subject to the Health Insurance

Portability and Accountability Act of 1996, which addresses the disclosure of protected health information.  In addition, personal identifying information is deemed confidential. Fed. R. Civ. P. 5.2.

5. **Injury that would result if access is not restricted:** If access is not restricted, defendant's private medical history, diagnoses, and personal identifying information could be exposed as part of the public record.  These materials are confidential in nature and should be protected.  Redacting is not possible because it will not allow the Court to analyze the documents and understand the issues in dispute in this lawsuit.  Thus, only restricted access will adequately protect the interests in question.

Courts may exercise discretion and restrict a public's right to access judicial records if that "right of access is outweighed by competing interests." *JetAway Aviation, LLC v. Bd. of Cty. Comm'rs of Cty. of Montrose, Colo.*, 754 F.3d 824, 826 (10th Cir. 2014) (quoting *Helm v. Kansas*, 656 F.3d 1277, 1292 (10th Cir. 2011)); *cf. United States v. Hickey*, 767 F.2d 705, 708 (10th Cir. 1985) ("[T]he question of limiting access is necessarily fact-bound, [therefore] there can be no comprehensive formula for decisionmaking.").  In exercising that discretion, the court "weigh[s] the interests of the public, which are presumptively paramount, against those advanced by the parties." *United States v. Dillard*, 795 F.3d 1191, 1205 (10th Cir. 2015) (quoting *Crystal Grower's Corp. v. Dobbins*, 616 F.2d 458, 461 (10th Cir. 1980)).  The presumption against restriction may be overcome if the party seeking to restrict access to records "articulate[s] a real and substantial interest that justifies depriving the public of access to the records that inform [the court's] decision-making process." *JetAway*, 754 F.3d at 826 (quotation marks and citation omitted).

A party may overcome the presumption of public access where the records contain private or personally identifiable information, Fed. R. Civ. P. 5.2, or otherwise invade privacy interests, *Huddleson v. City of Pueblo, Colo.*, 270 F.R.D. 635, 637 (D. Colo. 2010), such as personal medical information, *Dillard*, 795 F.3d at 1205 (citing *Nixon*, 435 U.S. at 599).  As the U.S. Court of Appeals for the Tenth Circuit has recognized, "We have previously recognized that the privacy interest inherent in personal medical information can overcome the presumption of public access." *Dillard*, 795 F.3d at 1205–06 (citing *Eugene S. v. Horizon Blue Cross Blue Shield of N.J.,* 663 F.3d 1124, 1135–36 (10th Cir.2011) (approving the filing under seal of files containing private medical information); *Russell v. Lanier,* 404 Fed. Appx. 288, 289 n. 2 (10th Cir.2010) (recognizing the "sensitive nature" of medical information and granting leave to file appendix under seal)).  Here, the Complaint and exhibits thereto include personal medical information and private personally identifiable information.  Defendant's privacy interests outweigh and overcome the presumption of public access.

6. **No alternative to restriction is practicable:** Due to the basis of this lawsuit, redaction is not practicable because it will not provide this Court with the information it needs to understand the basis of this lawsuit, including the decision to rescind the insurance policies.  Indeed, the statements made in the Application and references to medical records are at issue and, therefore, necessary for the parties to reference.  There is no less drastic alternative to limiting access to the parties and this Court.  Only restricted access will adequately protect the interests at issue.

7. **Level of restriction sought:** Berkshire seeks the least restrictive level of access at Level 1, which limits access to the parties and this Court.

WHEREFORE, Berkshire requests that this Court maintain the Complaint to Confirm Rescission of Insurance Policies and Declaratory Judgment, along with exhibits thereto, under restricted access at Level 1 and for such other relief as this Court deems proper.

DATED this the 16th day of April, 2021.

/s/ Christine M. Kroupa
Franz Hardy, Esq.
Christine M. Kroupa, Esq.
GORDON REES SCULLY MANSUKHANI, LLP
555 Seventeenth Street, Suite 3400
Denver, Colorado 80202
Telephone: (303) 534-5160
fhardy@grsm.com
ckroupa@grsm.com
*Attorneys for Plaintiff*